IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ROBERT CHARLES JONES, #R5912**                                            **PLAINTIFF**

versus                                                   **CIVIL ACTION NO. 2:08-cv-36-KS-MTP**

**CHRISTOPHER B. EPPS, RONALD KING,**
**AND BRENDA SIMS**                                                                **DEFENDANTS**

## ORDER

This cause comes before the Court on Plaintiff's pleading filed March 28, 2008, as a response [16]. On March 14, 2008, this Court entered an order [15] revoking Plaintiff's *in forma pauperis* status pursuant to the "three-strikes" provision of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g). This order directed the Plaintiff to pay the full filing fee within thirty days. In his response, Plaintiff argues that he should be allowed to proceed as a pauper in this action under the exception provision of 28 U.S.C. § 1915(g), "imminent danger of serious physical injury."

The Court finds Plaintiff's allegations regarding the conditions of his confinement, specifically his exposure to second hand smoke and resulting asthma, insufficient to meet the threshold requirement of imminent danger of serious physical injury. *See Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir.1998)(body cavity searches conducted in alleged retaliation failed to establish imminent danger of serious physical injury); *Edmond v. Texas Dep't of Corrections, et al.*, No. 97-10819, 97-11170, 97-11202, 1998 WL 723877 (5th Cir. Oct. 7, 1998) (unpublished) (allegations about the quality of medical care, including delay in medical care for fractured jaw,

found insufficient to satisfy the § 1915(g) exception); *Humphrey v. Lopez*, No. 5:04-cv-94, 2004 WL 980512, at * 2 (N.D.Tex. May 6, 2004)(allegations of delay in medical care due to racial discrimination fails to establish imminent danger of serious physical injury); *Bankhead v. King*, No. 03-142, 2003 WL 21529822, at *3 (N.D.Tex. July 7, 2003)(allegations that prison guards used excessive force when removing plaintiff from his cell, failed to protect him, harassed him, and conspired against him, and that these actions were in part racially motivated failed to establish imminent danger of serious physical injury); *Cain v. Shilling*, No. 799-CV-898, 2001 WL 515263, *2 (W.D. Va. Mar. 14, 2001)(imminent danger not established when prisoner alleged he did not receive the treatment he believed necessary); *Ford v. Foti*, No. 01-1970, 2001 WL 845461, at *2 (E.D.La. July 25, 2001)(allegations of missed appointment for circumcision and prison doctors failure to treat him progressively for Hepatitis C failed to allege physical danger sufficient to overcome the § 1915(g) bar); *Gallagher v. McGinnis*, No. 00-1468, 2000 WL 739285, at *1 (E.D. La. June 5, 2000)(allegations of inadequate medical care for excruciating pain and ambulatory difficulties exacerbated by prisoner's work assignments and the prison officials' indifference to his medical needs failed to establish danger of serious physical injury); *Carson v. TDCJ-ID*, No. 2:98-CV-0397, 1998 WL 906989, at *1 (N.D.Tex. Dec. 17, 1998)(allegations of inadequate medical care for plaintiff's hearing loss and failure to assign him to work compatible with his medical needs and medication were insufficient to overcome the prohibition under § 1915(g)).  In sum, the Plaintiff's complaint fails to establish that he was under imminent danger of serious physical injury at the time of filing this complaint. *Banos*, 144 F.3d at 884-85; *Choyce v. Domiguez*, 160 F.3d 1068 (5th Cir. 1998).   Accordingly, it is hereby,

      ORDERED that Plaintiff's request to proceed as a pauper under the exception provision

of 28 U.S.C. § 1915(g), id denied.  Plaintiff is advised that the filing of his response [16] and this order does not alter the previous deadline established in the Court's order [15] of March 14, 2008.  Plaintiff is cautioned that his failure to pay the $350.00 filing fee on or before April 14, 2008, will result in the dismissal of this civil action without further written notice to the Plaintiff.

**SO ORDERED AND ADJUDGED,** this the 2nd day of April, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT COURT JUDGE