IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ROBERT CHARLES JONES, #R5912**                                                            **PLAINTIFF**

**versus**                                                       **CIVIL ACTION NO. 2:08-cv-36-KS-MTP**

**CHRISTOPHER B. EPPS, et al.**                                                       **DEFENDANTS**

MEMORANDUM OPINION and ORDER

On March 14, 2008, this Court entered an order [15] revoking Plaintiff's *in forma pauperis* status pursuant to the "three-strikes" provision of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g). This order directed the Plaintiff to pay the full filing fee within thirty days. Furthermore, the Court entered an order on April 2, 2008, denying Plaintiff's request to proceed as a pauper in this action under the exception provision of 28 U.S.C. § 1915(g), "imminent danger of serious physical injury." The Plaintiff did not pay the district court filing fee, instead he filed a notice of appeal which was assigned case number 08-60352. On May 23, 2008, the United States Court of Appeals for the Fifth Circuit dismissed Plaintiff's appeal for want of prosecution. On June 3, 2008, this Court entered an order directing the Plaintiff to pay the $350.00 filing fee for this cause, within ten days, or this case would be dismissed. To date, Plaintiff has not paid the filing fee.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant

because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id.* at 629-30.

      The Plaintiff has failed to pay the filing fee, thereby failing to comply with three court orders.  The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under FED.R.CIV.P.41(b) is proper.  Since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

      IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's Complaint shall be dismissed without prejudice.  A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

      THIS the 24th day of June, 2008.

                                      *s/Keith Starrett*
                                      UNITED STATES DISTRICT JUDGE